NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3327

_____

CECELIA TIERNEY,
Appellant

v.

GEISINGER SYSTEM SERVICES; GEISINGER
WYOMING VALLEY MEDICAL CENTER
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 3:17-cv-01048)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 13, 2021
_____

Before: MCKEE, GREENAWAY, JR., and RESTREPO, *Circuit Judges*.

(Opinion Filed: July 26, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Alleging discrimination based on her age and disability, Cecelia Tierney filed a complaint in the District Court based on the failure of Geisinger System Services and Geisinger Wyoming Valley Medical Center (collectively, "Geisinger")[1] to hire her into a position for which she does not recall applying. The District Court granted summary judgment in favor of Geisinger. As explained below, we will affirm.

## 1. Facts

Following a car accident in 2000, Tierney suffered from traumatic brain injury that, according to testimony from an examining neuropsychologist, impaired, among other things, her mathematical abilities, memory efficiency, visual perception, language, and executive functions. Although she began receiving Social Security disability benefits, Tierney also worked in a reduced capacity for her prior employer until that business closed in 2008. From 2008 to 2012, Tierney engaged in unpaid volunteer work. In 2012, she obtained a position with Goodwill Industries through the Mature Workers Program, a support training program of the Pennsylvania Bureau of Aging.[2] She worked at Goodwill until December 2013, when she began serving as a volunteer at Geisinger's gift shop at the Wilkes-Barre location. Although a volunteer in Geisinger's view, the

---

[1] Geisinger is a non-profit corporation that operates hospitals and other medical facilities in Pennsylvania.

[2] This program was previously known as the Senior Community Service Employment Program ("SCSEP").

Mature Workers Program paid Tierney for her work.

In 2016, Geisinger advertised for paid flex (meaning part-time) retail associates in two of its gift shops – South Wilkes-Barre and Wyoming Valley. Although having no present recollection of doing so, Tierney apparently applied for these positions. She was neither interviewed nor hired for any of the three openings.

After obtaining a right to sue letter, Tierney filed a complaint in the District Court, alleging violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").[3] After discovery, Geisinger moved for summary judgment, which the District Court granted. Tierney filed a timely notice of appeal.

## 2. Jurisdiction and standard of review

The District Court had jurisdiction pursuant to 28 U.S.C. §1331 and §1367. We have jurisdiction pursuant to 28 U.S.C. §1291. "We exercise plenary review over the grant or denial of summary judgment and apply the same standard the district court should have applied." *Minarsky v. Susquehanna Cnty.*, 895 F.3d 303, 309 (3d Cir. 2018). Summary judgment should only be granted if there is no genuine dispute as to any material fact. *Id.*

## 3. Discussion

Like the District Court, in reviewing Tierney's claims we apply the familiar

---

[3] Within days of filing her original complaint, Tierney filed an amended complaint correcting a heading.

burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995) (since "the ADA, ADEA and Title VII all serve the same purpose . . . it follows that the methods and manner of proof under one should inform the standards under the others as well."); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) ("While the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, the ADA, or the ADEA, its courts nevertheless generally interpret the PHRA in accord with its federal counterparts." (internal citations omitted)).

Under this framework, Tierney must first establish a prima facie case by proving that she was a member of a protected class based on her age or disability, was qualified for the position in question, and suffered an adverse employment action due to being part of that protected class. *Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d Cir. 2000) (prima facie ADEA case); *Turney v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (prima facie ADA case). The burden then shifts to Geisinger to provide a legitimate, nondiscriminatory business reason for its decision to not hire her. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Once Geisinger establishes a legitimate, nondiscriminatory business reason, the burden shifts back to Tierney to show that the reason proffered was pretextual. *Id.* To demonstrate pretext, Tierney "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could

4

rationally find them unworthy of credence[.]" *Id*. at 765 (internal citations omitted).

Construing the facts in the light most favorable to Tierney, the District Court concluded that Tierney established a prima facie case.[4]  Geisinger responded by providing evidence of Tierney's inability to perform the essential functions of the position, establishing a legitimate, nondiscriminatory business reason for not hiring her. In response, Tierney has offered no evidence that Geisinger's proffered reason was pretextual.  The only evidence she offered consists of isolated statements, taken out of context, none of which undermine Geisinger's proffered legitimate reason for failing to hire her.

For example, Tierney asserts that Linda Jendrzejewski, her supervisor at the gift shop, testified that she would have hired Tierney for the paid position.  That assertion fails to acknowledge Jendrzejewski's complete statement.  While Jendrzejewski stated that she would have hired Tierney if the paid job was the same as the volunteer position, she continued to explain that the positions were not the same.  Among other criteria, Jendrzejewski stated that she needed someone in the paid position who could help her with the new computerized inventory system, which Tierney could not do.

The remaining facts identified by Tierney in her effort to demonstrate summary

---

[4] While we are skeptical that Tierney has established a prima facie case, since we conclude she is unable to show Geisinger's reasons for failing to hire her were pretextual, resolution of this first step of the *McDonnell Douglas* test is not necessary.  *See, e.g., Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (assuming for the sake of argument that the plaintiff established a prima facie case because the case could be resolved at the third step of the *McDonnell Douglas* test).

5

judgment should not have been granted similarly misstate the testimony or simply lack support in the record. Nothing that Tierney identifies as an alleged disputed fact demonstrates any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions," *Fuentes*, 32 F.3d at 765. in Geisinger's explanation for not hiring her. Based on the record, we conclude that no reasonable factfinder could find in Tierney's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## 4. Conclusion

For the reasons set forth above, we will affirm the District Court's grant of summary judgment in favor of Geisinger.